**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DEBORAH HAGEDORN,** ) | **CASE NO.  1:15 CV 1381** |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **DAVID CATTANI, et al.,** ) | |
| ) | |
| Defendants. ) | <u>**MEMORANDUM OPINION**</u> |

This Matter is before the Court on the Motion to Dismiss (Docket #7) filed by Defendants David Cattani, Geoffrey Esser and David Phillips ("Defendants").  Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants ask the Court to dismiss the Fourth, Fifth and Sixth Claims for Relief alleged in Plaintiff, Deborah Hagedorn's Complaint, for failure to state a claim upon which relief can be granted.

In 2013, Ms. Hagedorn, a resident of the Village of Timberlake, Ohio ("the Village"), requested public records related to the fiscal management and oversight of operations of the Village of Timberlake Police Department and subsequently contacted the Ohio Auditor's Officer to request an audit of the Village which resulted in a criminal investigation.   (Complaint at Paragraphs 4 and 26-29.)  Ms. Hagedorn alleges that in retaliation for her actions, Defendants Cattani (part-time Mayor and Safety Director of the Village); Esser (acting Chief of Police and/or Chief of Police of the Village); and, Phillips (Chief of Police until October 17, 2013),

improperly instituted three separate criminal prosecutions against her. (Complaint at Paragraphs 30-32.) Ms. Hagedorn's First, Second and Third Claims for Relief, brought pursuant to 42 U.S.C. § 1983, allege Defendants' violated her First Amendment rights by retaliating against her for engaging in constitutionally protected activities without probable cause to believe that any actual crime had been committed. Ms. Hagedorn's Fourth, Fifth and Sixth Claims for Relief are brought pursuant to Article I, Section 11 of the Ohio Constitution, alleging Defendants violated her free speech rights by commencing each of the three criminal prosecutions against her in retaliation for engaging in constitutionally protected activities without probable cause to believe that any actual crime had been committed.

On July 23, 2015, Defendants filed their Motion to Dismiss. (Docket #7.) Citing *Provens v. Stark County Bd. of Mental Retardation & Developmental Disabilities*, 64 Ohio St. 3d 252, 261 (1992), Defendants argue that Ms. Hagedorn's Fourth, Fifth and Sixth Claims for Relief should be dismissed because Article I, Section 11 of the Ohio Constitution does not create an independent private cause of action. Ms. Hagedorn filed her Brief in Opposition on July 25, 2015, arguing that a private cause of action does exist to enforce free speech claims brought under Article I, Section 11 and, that to the extent the issue is unsettled, the question should be certified to the Ohio Supreme Court for resolution. (Docket #8.) Defendants filed their Reply Brief on July 27, 2015. (Docket #9.)

**Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept

its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). It is with this standard in mind that the instant Motion must be decided.

**Discussion**

Article I, Section 11 of the Ohio Constitution provides as follows:

§ 11 Freedom of speech and of the press; libel.

Every citizen may freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of the right; and no law shall be passed to restrain or abridge the liberty of speech, or of the press. In all criminal prosecutions for

libel, the truth may be given in evidence to the jury, and if it shall appear to the jury, that the matter charged as libelous is true, and was published with good motives, and for justifiable ends, the party shall be acquitted.

Article I, Section 11 of the Ohio Constitution does not create a private cause of action for the rights enumerated therein. *See Webster v. Lucas Cnty. Bd. of Elections*, No. 3:07 CV 3687, 2008 U.S. Dist. LEXIS 55609 (N.D. Ohio July 22, 2008) (citing *Burr v. Burns*, 2005 U.S. Dist. LEXIS 39188 (S.D. Ohio Aug. 12, 2005); *Provens*, 64 Ohio St. 3d 252 ("[t]he constitutional provision does not set forth an accompanying cause of action for a violation of the right of free speech"); *see also*, *PDU, Inc., v. City of Cleveland*, 2003 Ohio 3671, 2003 Ohio App. LEXIS 3306, *12 (Ohio Ct. App. 8th Dist. 2003) ("unlike the federal system where 42 U.S.C. § 1983 creates a private cause of action, there exists no statute in Ohio analogous to Section 1983")). Accordingly, Ms. Hagedorn's Fourth, Fifth and Sixth Claims for Relief fail to state claims upon which relief can be granted and must be dismissed.

## Conclusion

For the foregoing reasons, the Motion to Dismiss filed by Defendants (Docket #7) is hereby GRANTED. Ms. Hagedorn's Fourth, Fifth and Sixth Claims for Relief are hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

       s/Donald C. Nugent
       DONALD C. NUGENT
       United States District Judge

DATED: September 9, 2015